52  203
87  508
88  362

## Chesapeake & Ohio Railway Company v. Henry Radbourne.

1. CARRIERS OF FREIGHT—*Actions Against—Allegations and Proofs.*—In an action against a carrier of freight, the failure to carry safely, is itself, *prima facie*, a substantive and sufficient cause of action; plaintiff

is not required to prove or allege the particular circumstances of the loss or injury.

2. CARRIERS OF FREIGHT—*Extent of Liability.*—A common carrier is bound, in the absence of a special contract limiting his liability, to much more than ordinary care. As a rule, with but few exceptions, he is an absolute insurer against loss or damage of goods in his charge, except as against the act of God or of a public enemy.

3. CARRIERS OF FREIGHT—*Defects in Means of Carrying.*—A common carrier, in accepting and using the means of carriage, by whomsoever selected and tendered, without fraud, assumes all the risks of their defects, and in the absence of a special contract, exempting him from liability, except for a failure to exercise ordinary care, proof of actual loss or damage of the goods in transit, is *prima facie* evidence of such failure and casts the burden of proof upon him.

4. COMMON CARRIERS—*First and Subsequent Carrier—Right of Action.*—Where the first carrier expressly contracts for through transportation, or without an express contract, assumes that duty, he is liable in an action on the contract or in tort, for loss or damage of the property occurring on any of the lines, and may recover over against his agent, the carrier who failed in duty. But the shipper is not bound to sue the first carrier unless he chooses, to bring his action on the contract. In that case he must, of course, sue the contracting party. If he sues in tort he may bring the action against, either the first carrier, or any other carrier who actually committed the injury.

5. DAMAGES—*Not to Exceed Amount Named in Affidavit for Attachment—Waiver.*—Where an attachment was sued out in aid of an action the affidavit and order for which fixed the damages at $225, the recovery was for $250. One of the grounds for a motion for a new trial was, that the amount found was excessive, and the same was assigned for error. There was evidence tending to support the finding as to the amount. *It was held,* that the attention of the court should have been called to the affidavit, so that the defect could have been cured by a remittitur; not having been done, the Appellate Court will not consider it as first presented on appeal.

**Memorandum.**—Action in case against a carrier of freight for failure to safely transport, etc. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 4, 1893.

The opinion states the case.

APPELLANT'S BRIEF, FRANK Y. HAMILTON AND W. H. JACKSON, ATTORNEYS.

A common carrier may, by contract, limit his liability to

such damage as may arise on his own line. In the absence of such contract the first carrier is the responsible party, and the intermediate roads his agents. No such contract was shown in this case. Ill. Cent. R. v. Frankenburg, 54 Ill. 88; Same v. Johnson, 34 Ill. 389; Adams Ex. Co. v. Wilson, 81 Ill. 339; Field v. Chicago, etc., R., 71 Ill. 458; Erie Ry. Co. v. Wilcox, 84 Ill. 239; Wabash, etc., R. v Jaggerman, 115 Ill. 407; Cincinnati, etc., R. v. Spratt, 2 Duval, 4.

Common carriers may make defenses to actions for damages other than the act of God or the public enemy. Hutchinson on Carriers, Sec. 221; I. & St. L. R. Co. v. Jurey, 8 Ill. App. 160; Chicago, etc., R. v. Harmon, 12 Ill. App. 54; Ill., etc., R. Co. v. Brelsford, 13 Ill. App. 251, and cases therein cited; Louisville, etc., R. Co. v. Hedger, 9 Bush (Ky.), 645; Hall v. Renfro, 3 Metc. (Ky.) 51; cases cited 3 Am. and Eng. Ency. of Law, page 7, note.

Especially is this true when the shipper selects his own cars and controls shipment of live stock. Ill. Cent. R. Co. v. Crabtree, 19 Ill. 136; Ohio, etc., R. Co. v. Dunbar, 20 Ill. 623; St. Louis, etc., R. Co. v. Dorman, 72 Ill. 504; Ill. Cent. R. Co. v. Hall, 58 Ill. 409; Chicago, etc., R. Co. v. Van Dressor, 22 Wis. 511; Harris v. Northern Ind. R. Co., 20 N. Y. 232; Squire v. N. Y. Cent. R. Co., 98 Mass. 239.

Appellee's Brief; Kerrick, Lucas & Spencer, Attorneys.

The first point, as we understand appellant's brief, is, that it was brought against the wrong party; that we should have sued the first carrier who first took possession of the horses. That might be true, if the suit were on the contract, but the action is in tort, and the action of tort may always be brought against the party who actually committed it. Had this suit been brought against an intermediate carrier, i. e., one who neither contracted with appellee, nor, in fact, committed the tort, then the point made by appellant would, perhaps, be well taken; but appellant having actually injured the horses while it actually had possession of them as a common carrier, it at once became liable to the appellee for the injury and damage, and could only be excused by showing that the injury

was caused by the act of God or the public enemy. Chicago & A. R. R. Co. v. Shea, 66 Ill. 471; Chicago & N. W. R. R. Co. v. Sawyer, 69 Ill. 285; Merchants' Dispatch v. Theilber, 86 Ill. 71.

And the same rule applies with reference to the carrier of animals. Illinois C. R. R. Co. v. Waters, 41 Ill. 73; Toledo P. & W. R. R. Co. v. Hamilton, 76 Ill. 393; Illinois C. R. R. Co. v. Finnigan, 21 Ill. 646.

The injury having been caused by appellant, it is liable. Great Western R. R. Co. v. McDonald, 18 Ill. 172; Adams Express Co. v. Stettauer, 61 Ill. 184; Hutchinson on Carriers, Sec. 761; Chicago & N. W. R. R. Co. v. N. L. Packet Co., 70 Ill. 222.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Appellant shipped horses from Montana to Asheville, North Carolina, in cars of his own selection for the whole trip, known as Street's stable cars. By his order they were reloaded in the Union stock yards at Cincinnati, then delivered at the Park Street yards by an engine of the Baltimore & Ohio R. R. Co. to appellant, to be transferred to the L. & N. R. R. Co. at Newport, Ky. At the latter place the employes of appellant attempted to make a running switch to throw the cars on the L. & N. side track—the engine being between them and the switch. By reason of snow on the track they stopped on the frog and had to be pushed off. For that purpose a pole was first used, but having broken, the men shoved them by hand. When they began to run freely a brakeman climbed upon them, who, finding that the first brake did not work, set the second, which broke a chain and let the cars run some two or three hundred feet and collide forcibly with cattle cars on the track. When taken back to the Covington yards to be reloaded it was found that one of appellee's horses had a broken leg, on account of which he was killed by appellant, and another a shoulder bruised and skinned.

To recover the damages so sustained this action was brought against the company, tried by a jury and resulted

in a verdict for plaintiff for $250, on which judgment was entered after overruling defendant's motion for a new trial, from which judgment the defendant prosecutes this appeal.

It is said that the evidence does not support the finding. The abstract shows nothing of the declaration, but it is stated in argument that as originally filed it charged the attempt to make the running switch as the particular negligence from which the injury directly resulted, and insisted upon the evidence, that such attempt was not nor could have been the cause of it. In the same way it appears, however, that before final judgment the court allowed an additional count to be filed, which charged negligence only generally, in that the defendant failed to carry the horses safely according to its duty as a common carrier. Under that count the particular act of negligence that produced the failure is immaterial. The failure to carry safely is itself *prima facie* a substantive and sufficient cause of action; plaintiff is not required to prove or allege the particular circumstances of the loss or injury. Great Western R. R. Co. v. McDonald, 18 Ill. 174–5.

How or why the chain came to break, which made it impossible to check the motion of the cars or prevent the collision, which seems to have been the real cause of the injury, did not appear, and the argument based on the assumption that defendant was only bound to use ordinary care, is that the evidence wholly fails to show any want of such care on its part; that the cars were selected by the plaintiff, and the defendant could not, by the exercise of ordinary care, have known of the defect in the brake-chain.

But it does not appear, except from the fact that it broke, that there was any defect in it. And we understand the law to be, that a common carrier is bound, in the absence of a special contract limiting his liability, to much more than ordinary care; that as a rule with but few exceptions, he is an absolute insurer against loss or damage of goods in his charge, as such, except as against the act of God or of the public enemy (Adams Express Co. v. Wilson, 81 Ill. 340, where the rule is stated as so elementary that

the court refers to no authority); that in accepting and using the means of carriage, by whomsoever selected and tendered, without fraud, he assumes all the risks of their defects; and that in case of a special contract exempting him from liability, except for a failure to exercise ordinary care, actual loss or damage of the goods in transit, is *prima facie* evidence of such failure, and casts the burden of proof upon him. Adams Express Co. v. Stattaners, 61 Ill. 187, and authorities there cited.

In this case it did not appear nor was it claimed, that there was any special contract limiting the common law liability of defendant as a common carrier, or that the injury was due to any cause inherent in the property injured, as live stock, or to any other that is recognized as an exception to the general rule.

It is further said that in the absence of a contract limiting the carrier's liability to such damage as may arise on his own line, the first carrier is the responsible party, and the intermediate carriers his agents; and that there was no such contract shown in this case. The inference is that the action should have been brought against the carrier who received the horses in Montana.

Where the first carrier expressly contracts for through transportation, or without an express contract assumes that duty, he is liable in an action on the contract, or in tort, for loss or damage of the property occurring on any of the lines, and may recover over against his agent, the carrier who failed in duty. But the shipper is not bound to sue the first carrier unless he chooses to bring his action on the contract. In that case he must of course sue the contracting party. If he sues in tort he may bring the action against either the first carrier, or any other, who actually committed the injury. This would seem to be according to the elementary rule as to parties, and it is expressly held to be the rule in cases like this. C. & N. W. Ry. Co. v. N. L. Packet Co., 70 Ill. 222–3.

Here there was evidence enough to support the finding that the injury done was on appellant's line. And upon the

facts, it is useless to consider particularly the points raised upon the instructions. They were not as discriminating as they might have been, but the greater liberality was shown to the defendant. The objections urged would have been more serious if the additional count had not been filed. Under that count, with any proper instructions, we think the verdict should have been for the plaintiff.

There was an attachment sued out in aid of the action, the affidavit and order for which fixed the damages at $225, and the statute declares that in such case " no greater amount shall be claimed." R. S. Ch. XI, Sec. 31, S. & C. One of the grounds for the motion for a new trial was, that the amount found was excessive, and the same is assigned for error. There was evidence tending to support the finding as to the amount, and whether the attention of the court or of counsel was called to the affidavit and order for the writ of attachment, and the provision of the statute, we are not informed, but infer it was not. It could have been, and it should be presumed, would have been at once met by a remittitur. We are not disposed to consider the matter as first presented on appeal.

Judgment affirmed.